# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| TIMOTHY J. KOMOSCAR and<br>KELLY A. KOMOSCAR, Individually<br>and on behalf of N.A.K., R.E.K., N.R.K.<br>and A.J.K, Minor Children,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL R. PENCE, Governor of the State<br>of Indiana, MARY BETH BONAVENTURA,<br>Director of the Indiana Department of Child<br>Services, TERRANCE K. CIBOCH,<br>LOUELLA F. RICHEY, TAMARA G.<br>LOOMIS, BRITTNEY D. SCHMIDT, and<br>the INDIANA DEPARTMENT OF CHILD<br>SERVICES,<br><br>Defendants. | Case No. 2:15-CV-256 JVB |

## OPINION AND ORDER

Plaintiffs Timothy and Kelly A. Komoscar sued Defendants Michael R. Pence, the Governor of the state of Indiana; the Department of Child Services (DCS); Mary Beth Bonaventura, director of DCS; and Terrance K. Ciboch, the regional manager of DCS; as well as DCS employees Louella F. Richey, Tamara G. Loomis, and Brittney D. Schmidt. Plaintiffs claim defendants violated various federal and state laws by establishing and carrying out policies and procedures that resulted in DCS wrongfully taking their children into custody and withholding adequate psychological care. Pursuant to Federal Rule of Civil Procedure 12(c), Pence and

Bonaventura moved for judgment on the pleadings; while remaining defendants moved for partial judgment on the pleadings.

**A.    Background**

The Amended Complaint alleges the following: on April 24, 2014, DCS removed Plaintiffs' children from their home and initiated a Child in Need of Services action pursuant to Indiana Code § 31-34-1-1 *et seq.* The children remained in DCS custody for almost three months, at which time an administrative law judge ordered that the children be returned home.

Plaintiffs break down their claims as follows:

- Pence, Bonaventura, and Ciboch established and maintained policies and procedures that violated the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution as well as the Indiana Constitution; Richey, Loomis, and Schmidt carried out these policies and procedures, further compounding the violations of Plaintiff's rights;
- DCS was negligent in hiring and retaining its employees and negligent in its operations; and it intentionally and negligently inflicted emotional distress upon Plaintiffs;
- Richey, Loomis, and Schmidt acted willfully and wantonly against Plaintiffs and intentionally inflicted emotional distress upon them.

Pursuant to Rule 12(c), Pence and Bonaventura moved for judgment on the pleadings and remaining defendants moved for partial judgment on the pleadings.

B.   **Standard of Review**

A motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is evaluated by the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007). "The facts alleged in the complaint are taken as true, drawing all reasonable inferences in favor of the plaintiff." *Id.*

To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when it allows the court to draw reasonable inferences that the defendant is liable for the alleged misconduct. *Id.*

The complaint must contain only a "short plain statement of the claim showing plaintiff is entitled to relief." Fed. R. Civ. P. 8(a)(2). But, while there is no need for detailed factual allegations, the plaintiff must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Olson v. Champaign County*, 784 F.3d 1093, 1099 (7th Cir. 2015). The "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (2007).

### C. Discussion

**(1)** *§ 1983 Claims*

Plaintiffs allege that defendants Pence, Bonaventura, and Ciboch, established and maintained policies, customs and procedures that violated their due process rights under the Fifth and Fourteenth Amendments of the United States Constitution; as well as rights against unreasonable search and seizure under the Fourth and Fourteenth Amendments. Further, according to Plaintiffs, Ciboch, Richey, Loomis, and Schmidt violated those same constitutional rights when they removed the children from their home, and then allegedly failed to provide them with adequate psychological care.

Defendants Ciboch, Richey, Loomis, and Schmidt do not seek judgment on the pleadings as to these claims against them. However, defendants Pence and Bonaventura contend that the facts alleged in the amended complaint are insufficient to hold them individually liable for the violations of the United Sates Constitution.

To hold an individual liable in a § 1983 action, the individual must participate in or cause the constitutional deprivation. *Zimmerman v. Tribble*, 226 F.3d 568, 574 (7th Cir. 2000). An individual acting merely in a supervisory role cannot be held liable. *Id*. While direct participation is not necessary, the individual must have actual knowledge of the action, and upon the basis of that knowledge, could infer there was a substantial risk of serious harm. *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003).

Plaintiffs' amended complaint fails to show that Pence and Bonaventura were in any way personally involved in the children's removal or therapy. Likewise, there is no indication that they knew the children were in DCS custody, or that any substantial risk of serious harm existed. Accordingly, the Court will dismiss the § 1983 claims against defendants Pence and Bonaventura.

**(2)** *Pendent State Claims*

(a) *State Constitutional Claims*

Plaintiffs argue that the same policies, procedures, and conduct alleged in their § 1983 claims against Pence, Bonaventura, Ciboch, Richey, Loomis, and Schmidt, also violated the Indiana Constitution. While Defendants maintain there is no private right of action for Indiana constitutional violations, Plaintiffs argue that the court in *Cantrell v. Morris*, 849 N.E.2d 498 (Ind. 2006), rejected the rule barring recovery under the Indiana Constitution. Plaintiffs insist that state constitutional violations are evaluated according to the Indiana Tort Claims Act (ITCA).

Plaintiffs' argument for recovery under the Indiana Constitution is misguided. Plaintiffs submit that the state constitutional violations should be evaluated according to the ITCA, which under *Cantrell*, then provides them a right to recovery. But *Cantrell* specifically held that "there is no explicit language in the Indiana Constitution providing any specific remedy for violations of constitutional rights." *Id*. at 498. And without express constitutional provisions or common law precedent, no damage remedy exists. *Id*. Accordingly, the Court dismisses the Indiana constitutional claims.

(b) *State Law Tort Claims*

Plaintiffs bring state law tort claims against DCS for intentional infliction of emotional distress; negligence; and negligent hiring and retention. DCS asserts immunity under the Eleventh Amendment. Plaintiffs argue DCS is not immune because the State has consented to suit under the Indiana Tort Claims Act.

The Court does not need to decide whether Indiana has consented under the ITCA to a suit against it because, even if it did, Plaintiffs cannot show that Indiana has consented to suit in federal court.

The Eleventh Amendment bars actions in federal court against a state or state agency. *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974). This same principle applies to state law claims brought into federal court under pendent jurisdiction. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 121 (1984). A state's waiver of sovereign immunity in its own courts does not constitute a waiver of the Eleventh Amendment immunity in the federal courts. *Fla. Dep't of Health v. Fla. Nursing Home Assn.*, 450 U.S. 147, 150 (1981). Because Indiana has not consented to the state law claims being litigated in this Court, the Court dismisses them against DCS for lack of jurisdiction.

Plaintiffs also bring state law claims against defendants Ciboch, Richey, Loomis, and Schmidt for intentional infliction of emotional distress; and willful and wanton misconduct. These defendants assert statutory immunity, but Plaintiffs argue that even if they are immune under Indiana Code 31-25-2-2.5, they are vicariously liable under the ITCA.

Indiana Code 31-25-2-2.5 provides that "DCS officers and employees are not personally liable, except to the state, for an official act done or omitted in connection with the performance of their duties." Plaintiffs give no reason why the clear and plain meaning should not be applied to the statute. In addition, Plaintiffs' argument for vicarious liability is inapplicable because vicarious liability refers to the liability of an employer, for the torts committed by its employee, in the course of employment. *In re Aimster Copyright Litigation*, 334 F.3d 643, 654 (7th Cir. 2003). Therefore, as employees of DCS, Ciboch, Richey, Loomis, and Schmidt cannot be vicariously liable. Accordingly, the Court dismisses the state-law tort claims against them.

**D.     Conclusion**

For the above reasons, the Court grants Defendants' motion for judgment on the pleadings (DE 43) as follows:

- the Court dismisses Section 1983 claims against defendants Pence and Bonaventura;
- the Court dismisses Indiana constitutional claims against all defendants;
- the Court dismisses Indiana tort claims against DCS without prejudice; and
- the Court dismisses Indiana tort claims against defendants Ciboch, Richey, Loomis, and Schmidt.

SO ORDERED on September 6, 2016.

    s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE