# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| TIMOTHY J. KOMOSCAR and KELLY A. KOMOSCAR, individually and on behalf of N.A.K., R.E.K., N.R.K., and A.J.K., minor children,<br>      Plaintiffs,<br><br>      v.<br><br>INDIANA DEPARTMENT OF CHILD SERVICES, TERRANCE K. CIBOCH, LUELLA F. RICHEY, TAMARA G. LOOMIS, and BRITTNEY D. SCHMIDT,<br>      Defendants. | CAUSE NO. 2:15-CV-256-JVB-PRC |

## OPINION AND ORDER

This matter is before the Court on a Plaintiffs' Motion for Protective Order [DE 71], filed by Plaintiffs Timothy J. Komoscar and Kelly A. Komoscar (litigating individually and on behalf of N.A.K., R.E.K., N.R.K., and A.J.K., all of whom are minor children) on May 2, 2017. Defendants filed a response on May 12, 2017, and Plaintiffs filed a reply on May 19, 2017. The Court provided an opportunity for additional briefing. Defendants filed a sur-response on June 7, 2017, and Plaintiffs filed a sur-reply on Jun 14, 2017. The motion is now ripe for ruling.

Plaintiffs seek a protective order precluding the deposition of R.E.K. on the grounds that he is incompetent to testify. Plaintiffs also state that the deposition would place an undue burden on R.E.K., but Plaintiffs do not request a protective order on the basis of that burden.

Federal Rule of Civil Procedure 26(b)(1) defines the scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of

discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). District courts have broad discretion in matters relating to discovery. *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002).

Federal Rule of Civil Procedure 26(c) provides that any person from whom discovery is sought may seek a protective order from the court in which the action is pending to protect the person from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Protective orders prohibiting depositions are rarely granted and require a showing of an "exceptional circumstance that would justify prohibiting the deposition altogether." *CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 993 (7th Cir. 2002).

Requests to prohibit depositions on the basis of the deponent's competency are premature. *Sauer v. Exelon Generation Co., LLC*, 280 F.R.D. 404, 408 (N.D. Ill. 2012). "After the deposition proceeds, 'the parties may then make whatever arguments they deem appropriate regarding the competency of [R.E.K.'s] testimony in this matter.'" *Id.* (quoting *Deno v. Blackman*, No. 10 C 8550, 2011 5980174, at *1 (S.D.N.Y. Nov. 30, 2011)). Allowing the deposition now does not deem the testimony admissible as evidence in this matter. *Id.* ("For example, this Opinion does not preclude Plaintiffs (or Defendants) from filing a motion *in limine* regarding the admission of any part of Sarah's deposition at trial."). Thus, the request for a protective order barring the deposition of R.E.K. on the basis of his competency is denied.

Plaintiffs suggest in their motion that the deposition of R.E.K. is also improper because it would impose an undue burden on R.E.K. However, Plaintiffs did not move for a protective order on this basis, and, further, Plaintiffs indicate that, if competency were not an issue, they "would ordinarily agree to limitations to minimize the trauma that the high-pressure atmosphere of a

deposition would impose on R.E.K." (Mot. at 2). In their response, Defendants state that "Defendants have from March 3, 2017 on always maintained that they were willing to discuss reasonable restrictions" to the oral deposition of R.E.K. (Resp. at 5).

Thus, it appears that the parties are in agreement that reasonable restrictions should be placed on the deposition. Because the issue of competency is resolved for the purpose of taking R.E.K.'s deposition, the representations of the parties imply that they are now willing to discuss the specific restrictions for the deposition in order to minimize the burden on R.E.K. Accordingly, the Court makes no ruling at this time regarding what restrictions should be placed on the deposition of R.E.K. In the event that the parties are unable to come to an agreement regarding the restrictions, the matter can be brought before the Court via motion.

Based on the foregoing, the Court hereby **DENIES** the Plaintiffs' Motion for Protective Order [DE 71].

So ORDERED this 19th day of June, 2017.

s/ Paul R. Cherry  
MAGISTRATE JUDGE PAUL R. CHERRY  
UNITED STATES DISTRICT COURT