UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TIMOTHY J. KOMOSCAR and KELLY A. KOMOSCAR, individually and on behalf of N.A.K., R.E.K., N.R.K., and A.J.K., minor children,<br>        Plaintiffs,<br><br>        v.<br><br>INDIANA DEPARTMENT OF CHILD SERVICES, TERRANCE K. CIBOCH, LUELLA F. RICHEY, TAMARA G. LOOMIS, and BRITTNEY D. SCHMIDT,<br>        Defendants. | ) ) ) ) ) ) ) CAUSE NO. 2:15-CV-256-JVB-PRC ) ) ) ) ) ) |

## OPINION AND ORDER

This matter is before the Court on a Motion to Maintain Documents Under Seal [DE 80], filed by Defendants on June 7, 2017. Plaintiffs have not filed a response, and the time in which to do so has passed.

Defendants request that the Court order that two exhibits filed on the docket be maintained under seal. These documents were submitted as exhibits to a sur-response in opposition to a Motion for Protective Order. The Court resolved the Motion for Protective Order without considering the exhibits at issue.

Northern District of Indiana Local Rule 5-3 provides, "No document will be maintained under seal in the absence of an authorizing statute, Court rule, or Court order." N.D. Ind. L.R. 5-3(a). "What happens in the federal courts is presumptively open to public scrutiny." *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006). "The public has a legitimate interest in the record compiled in a legal proceeding because the public pays for the courts," but this interest may be overridden "if there is good cause for sealing part of the record." *Forst v. Smithkline Beecham Corp.*,

602 F. Supp. 2d 960, 974 (E.D. Wis. 2009) (citing *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 944-45 (7th Cir. 1999)). "Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat and requires rigorous justification" by the Court. *Hicklin*, 439 F.3d at 348. A litigant must justify the claim of secrecy, analyzing the applicable legal criteria. *Citizens First*, 178 F.3d at 945; *see also, e.g., Cnty Materials Corp. v. Allan Block Corp.*, 502 F.3d 730, 740 (7th Cir. 2007); *Baxter Int'l v. Abbott Lab.*, 297 F.3d 544, 547 (7th Cir. 2002); *Union Oil Co. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000).

Pursuant to Indiana Code § 31-39-1-2, all juvenile court records are confidential and are only available in accordance with Indiana Code § 31-39-2. Under Indiana Code § 31-33-18-1, any "information obtained . . . concerning the reports [of child abuse or neglect] in the possession of (A) the division of family resources; (B) the local office; (C) the department; or (D) the department of child services ombudsman established by IC 4-13-19-3" is confidential. Ind. Code § 31-33-18-1(a)(2).

The exhibit filed at Docket Entry 78 is a "Clinical Interview/Hearsay Evaluation" of R.E.K. Defendants nowhere state that Docket Entry 78 qualifies for confidentiality under either Indiana Code section cited above, and it is not readily apparent that it is either a court record or was in the possession of an entity described in § 31-33-18-1(a)(2). Further, though Docket Entry 78 contains information that must be redacted before filing pursuant to Federal Rule of Civil Procedure 5.2(a), Defendants seek to have the document maintained under seal and not to file it in redacted form. As noted above, the motion in opposition to which this document was filed has been resolved without consideration of this document. Defendants' statements in their Motion have not satisfied the standard set by the Seventh Circuit Court of Appeals for maintaining documents under seal. Because

2

no good cause has been shown for maintaining this document under seal, the Motion to Seal is denied without prejudice as to Docket Entry 78, and the Court strikes Docket Entry 78.

The exhibit filed at Docket Entry 79 is a juvenile court record. In light of Indiana Code § 31-39-1-2, there is good cause to maintain this document under seal.

Based on the foregoing, the Court hereby **GRANTS in part** and **DENIES without prejudice in part** the Motion to Maintain Documents Under Seal. The Court **STRIKES** Docket Entry 78 and **DIRECTS** the Clerk of Court to **MAINTAIN UNDER SEAL** Docket Entry 79.

So ORDERED this 22nd day of June, 2017.

s/ Paul R. Cherry  
MAGISTRATE JUDGE PAUL R. CHERRY  
UNITED STATES DISTRICT COURT